UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWIN LEONEL LUNA ESTRADA,

Petitioner,

v.

ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, DAVID WESLING, Field Office Director, TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, MARKWAYNE MULLIN, U.S. Secretary of Homeland Security, and TODD BLANCHE, Acting U.S. Attorney General,

Respondents.

CIVIL ACTION NO.
26-CV-12358-WGY

YOUNG, D.J. September 25, 2026

**ORDER**

The Court has reviewed the amended petition filed by Petitioner Edwin Leonel Luna Estrada ("Petitioner") for declaratory, injunctive, and habeas corpus relief under 28 U.S.C. § 2241 ("the Petition"), ECF No. 13, as well as the Respondents' opposition to the Petition ("Opposition"), ECF No. 19. The Court has also reviewed Petitioner's Reply to the Opposition ("Reply"), ECF No. 22, and the recent court decisions cited by the parties.

Petitioner is a native and citizen of Guatemala who was detained by ICE on May 19, 2026, when he appeared at a USCIS

office for a scheduled interview for a I-130 petition. Petition, ¶¶ 2-3. Petitioner entered the United States as a minor in 1995 and has remained ever since. Id. ¶ 18. Petitioner was placed in removal proceedings in 1997 where his asylum claim was denied by the Immigration Court. Id. ¶ 19-21. On June 10, 2002, the Board of Immigration Appeals ("BIA") affirmed the denial making his removal order final. Id. The BIA reversed the denial of his request for voluntary departure, however, the record does not reflect that any Order of Voluntary Departure was issued. See id. ¶ 22. Petitioner was not detained after his final removal order and he remained in the United States. Id. 22-23. Petitioner is married to a lawful permanent resident and has two United States citizen children. Id. ¶¶ 25-27. Petitioner's lawful permanent resident spouse filed an I-130 petition on his behalf, which USCIS has approved. Id. Petitioner filed a motion to reopen his immigration case which was denied by the BIA on July 17, 2026. ECF No. 23-1. The parties agree that the Petitioner was never detained during his 90-day removal period following his final removal order in 2002, nor was he under an Order of Supervision.

Respondents contend that Petitioner's detention is constitutional and authorized under § 1231(a)(6). Opposition, at 5. Petitioner contends § 1231(a)(6) does not apply and his detention is unlawful for the Respondents failure to follow

their own regulations. Reply, at 1. Respondents argue "Petitioner's detention also does not violate regulation as Petitioner was not subject to an Order of Supervision (as Petitioner acknowledges) and therefore ICE did not need to comply with the regulations (8 C.F.R. §§ 241.4, 13) that govern revocation of release in such circumstances." Opposition, at 7. Respondents concede that now that Petitioner is in custody, ICE does need to comply with the regulatory provisions that require notice of the required custody review and consideration for release from detention (8 C.F.R. § 241.4(d), (h)) but maintain "there is no regulatory requirement for ICE to provide advance notice to an individual of its intention to arrest, detain, and remove him if he is not subject to an Order of Supervision." Id.

The Court is unpersuaded that failing to place Petitioner on an Order of Supervision after the 90-day removal period, as set forth in the regulations, allows the government to bypass the process and protections afforded under the regulations. The Court agrees with Petitioner that detention under 8 U.S.C. § 1231(a)(6) is not applicable here where the Petitioner was not detained during the removal period. The Court follows the reasoning set by several courts that section 1231(a)(6) applies to individuals originally detained during the 90-day removal period, whose detention may be extended beyond the 90 days, and

does not apply to an initial detention occurring after the removal period has ended. See Parra v. Favro, 2026 WL 1030870, *4-5 (N.D.N.Y. Apr. 16, 2026) (collecting cases); Diallo v. Joyce, 817 F. Supp. 3d 202, 205 (S.D.N.Y. 2025); Da Silva Lima v. Wesling, 26-CV-12266-IT, ECF No. 19 (D. Mass. May 27, 2026). Like in Diallo, this Court considers the plain language of Section 1232(a)(6), where the clause "may be detained beyond the removal period" is followed by "and, if released, shall be subject to the terms of supervision in paragraph (3)." Diallo, 817 F. Supp. 3d at 206 (emphasis in the original). The Court agrees that the statute's use of "and, if released," reflects that section 1231(a)(6) applies to people "who are already in detention, as they would be during the 90-day removal period." Id. Therefore, it does not apply to this Petitioner.

A separate section of the statute, 8 U.S.C. § 1231(a)(3), governs what happens if the noncitizen is not removed during the 90-day period and is released during or after that period. This section, entitled "Supervision after 90-day period," provides that if a noncitizen "does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by [DHS]." 8 U.S.C. § 1231(a)(3) (emphasis added). Accordingly, the government should have placed Petition under an Order of Supervision.

Under both §1231(a)(3) and § 1231(a)(6), the government may revoke release even for a person with a final order of removal only under certain circumstances and only if it follows the procedures set out by DHS regulations. Under 8 C.F.R. § 241.4(l)(2), DHS may revoke release if an official with the authority to do so, determines: of release; (iii) [i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien; or (iv) [t]he conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate. 8 C.F.R. § 241.4(l)(2). The regulations governing revocation provide noncitizens with some procedural protections: noncitizens must be notified of the reasons for the revocation and must have an initial informal interview "to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(1); see also Perez-Escobar v. Moniz, 792 F. Supp. 3d 224, 225 (D. Mass. 2025).

Here, Respondents failed to detain Petitioner during the 90-day removal period as required by statute. Following the removal period, while Petitioner was not detained, Respondents did not place Petitioner under an Order of Supervision. Now, Respondents seek to detain Petitioner under § 1231(a)(6) and bypass the statutory and procedural protections Petitioner would have been entitled to if the government had properly place him

under an Order of Supervision, as it was required to do so under the statute. See Diallo, 817 F. Supp. 3d at 209 ("[I]t defies common sense to broadly read section 1231 to authorize Diallo's detention even though she was never previously detained nor given any order of supervision, but to deprive her of the procedural safeguards that someone like Diallo would have if the government had only followed its own legal mandates.").

The Respondents admittedly did not follow the regulatory requirements set forth in 8 C.F.R. §§ 241.4, 13 in detaining the Petitioner. Petitioner did not receive any of the protections set forth in the statutory scheme. As such, Respondents failed to afford the Petitioner the "procedural due process that courts had found to be constitutionally required." See Jimenez v. Cronen, 317 F. Supp. 3d 626, 655 (D. Mass. 2018) (The procedures in the post-order custody review regulations for alien detainees protect the fundamental Fifth Amendment right to notice and an opportunity to be heard, and must be followed).

Here, Petitioner was released on his own recognizance upon entering the United States. He was not detained during the removal period, and he did not leave and was not removed within the removal period. Accordingly, where Petitioner remained released prior to the instant arrest, and § 1231(a)(3) mandates release on an order of supervision after the removal period

ends, the Court ORDERS Petitioner's release under supervision pursuant to an Order of Supervision.

For the foregoing reasons, the Petition, ECF No. 13, is GRANTED. Respondents shall release Petitioner from custody under an Order of Supervision no later than September ~~28~~ 29, 2026, at noon.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES